### JACOBSON *v.* ISMOND.

APPEAL—EQUITY—REFORMATION OF INSTRUMENTS—FRAUD.
A decree reforming a mortgage so as to cover land claimed by complainant to have been omitted through defendant's fraud, being sustained by the evidence, was affirmed.

Appeal from Calhoun; Smith, J. Submitted April 18, 1899. Decided June 5, 1899.

Bill by Esther Jacobson against Oscar C. Ismond to reform a mortgage. From a decree for complainant, defendant appeals. Affirmed.

*Frank W. Clapp*, for complainant.

*Fred M. Wadleigh*, for defendant.

LONG, J. This bill was filed to correct and reform a mortgage, given by defendant to complainant, so that it

will embrace and cover lot 83 of Frisbie's Third addition
to the city of Battle Creek, and render it a security for
the payment of $1,000. The mortgage in question was
dated February 7, 1896, due one year from date, with in-
terest at 7 per cent., payable annually. There was no
personal liability on the mortgage so executed, and the
court below decreed that the principal and interest be paid
within 30 days, or that defendant execute and deliver to
the complainant a deed of the premises within that time.
Defendant appeals.

It is claimed by complainant that she was engaged in
the mercantile business at Reed City in February, 1896;
that she wished to go out of business, and advertised the
fact; that one Mr. Warren answered the advertisement,
saying that he had Battle Creek real estate belonging to
Oscar C. Ismond, and would exchange it for the merchan-
dise; that, after some correspondence, the parties met at
Battle Creek; that complainant and her son were shown
two pieces of property, one known as the "Jefferson-Street
House and Lot," and the other as the "River-Street Prop-
erty;" that it was finally agreed that complainant would
take these two pieces of property and some vacant lots for
$8,500, and that the difference between the value of these
properties and the value of the merchandise, when in-
ventoried, should be secured by defendant by chattel
mortgage on the stock; that, after the negotiations had
continued for some time, it was suggested that such a
mortgage on the merchandise would not be desirable, as
it would amount to about $2,000; that the complainant
and her son were then shown various other properties in
Battle Creek claimed to be owned by the defendant, among
which was a lot with a new house on it, mostly completed;
that further negotiations were deferred until after the
parties met at Reed City, and the mortgage taken, when
the agent of defendant presented two mortgages, for
$1,000 each. One covered what was called the "Gull Lake
Property," and the other property in Battle Creek. These
mortgages were tendered to secure the difference between

the value of the property and the value of the goods as inventoried, which amounted to $2,000. The complainant claims that neither she nor her son knew anything about the description of the Battle Creek property, as it was described by metes and bounds in the mortgage; that they stated to the agent of defendant that they knew nothing of the description, and did not know whether it covered lot 83 of Frisbie's Third addition, which had been shown them at Battle Creek, when the agent said: "The house and lot is in, and everything is all right." This testimony is corroborated by Mr. Charles A. Withey and the son of complainant. The exchange was then made. In each of the mortgages personal liability was waived, and a clause inserted that, in the event that defendant elected not to pay the money, he was to deed the property to complainant at the maturity of the mortgages, so that she might be saved the expense of foreclosure. Thereafter the defendant sent forward a deed to the properties described in the mortgages. It is claimed that complainant soon after sent her son to Battle Creek to take possession of the properties, and then for the first time ascertained that the house and lot in question were not included in the mortgage to the Battle Creek property, nor in the deed sent to her, but the mortgage and deed covered other and worthless property. The claim on the part of the defendant is that no such property as claimed was shown complainant, nor was it contemplated to be conveyed by this mortgage and deed.

The question involved is one of fact. We have read carefully the whole testimony in the case, and are satisfied that the claim of complainant is fully sustained by the evidence and the circumstances surrounding the case.

The decree entered by the court below must be affirmed, with costs.

The other Justices concurred.